# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02049 (APM) |
| OFFICE OF THE MAYOR OF THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Clarence Jackson alleges that he has improperly been denied the opportunity to take the District of Columbia bar exam for the fifth time. Compl., ECF No. 1, at 2–3. Plaintiff originally filed a lawsuit in the District of Columbia Superior Court challenging that denial, which the Superior Court subsequently dismissed. *See* Defs.' Mot. to Dismiss, ECF No. 17 [hereinafter Defs.' Mot.], Ex. A, ECF No. 17-1 [hereinafter D.C. Super. Ct. Docket]. Plaintiff then filed a similar challenge with the District's Office of Risk Management, which was also dismissed. Compl. at 3. Following these adverse outcomes, Plaintiff filed suit in this court against the Mayor of the District of Columbia and the District of Columbia Court of Appeals Committee on Admission ("COA"). Plaintiff's Complaint, construed liberally, alleges the following claims: (1) violation of the Sixth, Thirteenth, and Fourteenth Amendments of the United States Constitution; (2) failure to accommodate under the Age Discrimination in Employment Act; and (3) intentional infliction of emotional distress. *See generally* Compl. Defendants have filed a Motion to Dismiss, *see* Defs.' Mot., which is now ripe for the court's consideration.

As an initial matter, neither the Mayor nor the COA is suable as a separate entity from the District of Columbia. *See Fields v. District of Columbia Dep't of Corr.*, 789 F. Supp. 20, 22 (D.D.C. 1992) (holding that suits against D.C. government agencies and departments must be brought directly against the District of Columbia). Nevertheless, consistent with the court's duty to construe Plaintiff's Complaint liberally, the court will proceed as if Plaintiff brings claims against the District of Columbia. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Even still, the claims advanced in this case are effectively the same as those advanced before the Superior Court, and Plaintiff now seems to contest the Superior Court's dismissal of that suit. To the extent the Superior Court's decision was final when the Complaint was filed, Plaintiff claims are barred under the *Rooker-Feldman* doctrine. *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (holding that the *Rooker-Feldman* doctrine prohibits district courts from hearing claims that are so "inextricably intertwined with a state court decision that the district court is in essence being called upon to review the state-court decision") (internal quotation marks omitted); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002). Alternatively, even if not final, the court cannot consider Plaintiff's claims under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).[1] In fact, the D.C. Circuit has found district court review of similar claims brought by an aggrieved bar applicant inappropriate under both *Rooker-Feldman* and *Younger*. *See Rodriguez v. Editor in Chief*, 285 F. App'x 756, 759 (D.C. Cir. 2008).

Further, even if the *Rooker-Feldman* and *Younger* doctrines did not apply, Plaintiff's

---

[1] Days after the Superior Court dismissed his case, Plaintiff, on April 7, 2017, filed a motion seeking clarification of the court's ruling. *See* D.C. Super. Ct. Docket. The Superior Court has yet to rule on Plaintiff's motion. *Id.* The Superior Court's silence arguably constitutes a denial—especially given the administrative status of the case as "Closed," *id.*—but even if it does not, the court still would be barred from considering Plaintiff's claims under *Younger.*

claims would be barred under the doctrine of res judicata. *Stanton*, 127 F.3d at 77; *Rodriguez*, 285 F. App'x at 760. Plaintiff has already raised, or at least should have raised, claims challenging the COA's decision in D.C. Superior Court. As the Superior Court subsequently dismissed Plaintiff's claims, which the court presumes constitutes a "valid final judgment," Plaintiff's attempt to relitigate those claims here necessarily fails under the doctrine of res judicata. *Herrion v. Children's Hosp. Nat. Med. Ctr.,* 786 F. Supp. 2d 359, 368–70 (D.D.C. 2011); *see also Stanton*, 127 F.3d at 77–78.

Accordingly, Defendants' Motion to Dismiss is granted. The Complaint and this matter shall be dismissed in their entirety.

A separate final order accompanies this Memorandum Opinion.

Dated: March 8, 2017

Amit P. Mehta
United States District Judge