UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARENCE JACKSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-02049 (APM) |
| OFFICE OF THE MAYOR OF THE DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

I.

*Pro se* Plaintiff Clarence Jackson alleges that Defendants Office of the Mayor of the District of Columbia and the District of Columbia Court of Appeals Committee on Admissions ("COA") improperly denied him the opportunity to take the District of Columbia bar exam for a fifth time. *See* Compl., ECF No. 1, at 2–3. Construed liberally, Plaintiff's Complaint asserts the following claims: (1) violation of the Sixth, Thirteenth, and Fourteenth Amendments of the United States Constitution; (2) discrimination under the Americans with Disabilities Act ("ADA"); (3) breach of contract; and (4) intentional and negligent infliction of emotional distress. *See generally id.*

The court now considers, on remand, Defendants' Renewed and Narrowed Motion to Dismiss Plaintiff's Complaint. For the reasons that follow, Plaintiff's claims and this matter are dismissed in their entirety.

II.

A.

The facts alleged are as follows. On November 19, 2010, Plaintiff applied to sit for the District of Columbia bar for a fifth time. *See* Notice of Filing, ECF No. 11 [hereinafter Notice of Filing II], at 36.[1] Plaintiff, however, failed to pay the required fees and to provide proof of law school graduation. So, on November 24, 2010, the COA denied Plaintiff's application for those reasons. *Id.* at 37 (notice to Plaintiff from the COA).

Five years later, on December 31, 2015, Plaintiff filed suit against the COA in D.C. Superior Court. Plaintiff claimed that the denial of his application constituted a breach of contract, intentionally inflicted emotional distress, and violated his rights under the Fourteenth Amendment. *See* Defs.' Mot. to Dismiss, ECF No. 17 [hereinafter Defs.' Mot.], at 2–3; *see also id.*, Ex. A, ECF No. 17-1 [hereinafter D.C. Super. Ct. Docket]. On April 1, 2016, the D.C. Superior Court granted, without explanation, the COA's motion to dismiss the complaint. *See* Notice of Filing, ECF No. 10 [hereinafter Notice of Filing I], at 14.

On or about April 5, 2016, Plaintiff filed a petition with the D.C. Mayor's Office, apparently seeking to challenge the COA's refusal to let him sit for the bar exam. *See id.* at 5. The Mayor's Office denied the petition because "[a] lawsuit has been filed for this claim." *Id.* Plaintiff appealed this decision to the D.C. Court of Appeals, but the court denied the appeal as untimely. *See id.* at 24.

On April 7, 2016, Plaintiff asked the D.C. Superior Court to clarify why it dismissed his complaint. That request went unanswered for more than a year. *See id.* at 13.

---

[1] Plaintiff explains that the documents submitted with his Notice of Filing are "germane to the issues outlined in his Complaint." Notice of Filing I at 2. The court therefore treats these documents as incorporated into the Complaint, and thus may consider them on Defendants' motion to dismiss. *See EEOC v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997).

Plaintiff filed this action on October 11, 2016. *See* Compl. He sued both the COA and the Mayor's Office, challenging the COA's denial of his application to sit for the bar exam and the Mayor Office's refusal to review that decision. *See id.* at 1–3. The Complaint asserts multiple claims, including violations of the Sixth, Thirteenth, and Fourteenth Amendments, as well as the ADA. Plaintiff also advances causes of action for breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See id.* at 3–4.

B.

In March 2017, the court granted Defendants' motion to dismiss, finding the action barred by three doctrines: *Rooker-Feldman*, *Younger* abstention, and res judicata. *See Jackson v. Office of the Mayor of D.C.*, No. 1:16-CV-02049 (APM), 2017 WL 932990, at *2 (D.D.C. Mar. 8, 2017). In December 2018, the Court of Appeals reversed, holding each doctrine inapplicable. *See Jackson v. Office of the Mayor of D.C.*, 911 F.3d 1167, 1170–71 (D.C. Cir. 2018). It remanded the case for this court to consider the alternative bases for dismissal not previously considered. *Id.* at 1171–72.

On remand, Defendants renewed their motion to dismiss, advancing the following grounds for dismissal: (1) Plaintiff fails to state a claim; (2) the COA is immune from suit; (3) the claims against the COA are time-barred; and (4) Plaintiff failed to give the District of Columbia notice of his intentional and negligent infliction claims as required by D.C. Code § 12–309. *See generally* Defs.' Renewed and Narrowed Mot. to Dismiss, ECF No. 37 [hereinafter Defs.' Renewed Mot.]. Plaintiff did not offer a new response to the Renewed Motion. Instead, he indicated only that he was "oppose[d] to any and all filings by [D]efendant in this case since its pendency in this court" and that his "pre-appeal response to [D]efendant's motion to dismiss will be renewed again."

Response to Order of the Court, ECF No. 41, ¶¶ 3–4.[2]  The court therefore treats Plaintiff's earlier-filed response to Defendants' original motion as his opposition to Defendants' Renewed Motion. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss, ECF No. 20.

III.

A.

The court finds that Plaintiff fails to state a claim as to each cause of action. To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint survive if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

*ADA Claim.*  Starting with Plaintiff's ADA claim, Title II of the ADA prohibits discrimination on the basis of a disability by any "public entity." *See* 42 U.S.C. § 12132. To state a claim under Title II, a plaintiff must allege that: (1) he is a "qualified individual with a disability"; (2) who "was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity"; and (3) that "such exclusion, denial of benefits, or discrimination was by reason of his

---

[2] Plaintiff also filed what he labeled a "Motion for Judgment." ECF No. 42. This filing, however, is "Part II," *see id.* at 1, of an earlier filing made by Plaintiff, *see* Request for Payment on Judgment, ECF No. 36, seeking costs associated with successful appeal. The court will address this motion in a separate order.

disability." *Sacchetti v. Gallaudet Univ.*, 344 F. Supp. 3d 233, 269 (D.D.C. 2018) (internal quotation marks omitted). Plaintiff fails to satisfy these pleading requirements.

In his Complaint, Plaintiff states that he "became totally disabled and partially paralyzed in 2011" after taking the bar exam four times. Compl. at 3. He further contends that "for no reason the [COA] refused to grant permission to take the exam the fifth time" and "[g]iven that plaintiff new realized disability as of 2011, placed plaintiff not only to request to take the exam again but also accommodation in the area of whatever is available for a generic black male with partial paralysis on the left side of his frame." *Id.* But critically, and fatal to his ADA claim, is the absence of any allegation that he actually notified the COA of his disability or that the COA had any reason to suspect a disability. As Defendants point out, Plaintiff marked "no" in response to a question on the bar registration form asking, "Are you filing a request for testing accommodations for taking the bar examination?" *See* Notice of Filing II at 36. In addition, Plaintiff has not plausibly alleged exclusion from the bar exam based on disability. The COA refused to allow him to sit for the bar because he did not pay the requisite fee and failed to produce proof of law school graduation. *See id.* at 37. Plaintiff makes no factual allegation to overcome this non-discriminatory reason for denying his application.

Finally, Plaintiff makes no allegation as to the Mayor's Office that would support an ADA claim against it. He therefore fails to state a claim under the ADA as to either defendant.

*Sixth and Thirteenth Amendment Claims*. Plaintiff fails to state a claim under the Sixth and Thirteenth Amendments for a straightforward reason: neither Amendment confers a private right of action. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) (noting that "the Sixth Amendment does not govern civil cases"); *Richardson v. Loyola College in Md., Inc.*, 167 Fed. App'x. 223, 225 (D.C. Cir. 2005) (per curiam) ("[T]he Thirteenth Amendment does not provide

5

an independent cause of action for discrimination."); *Doe v. Siddig*, 810 F. Supp. 2d 127, 135–36 (D.D.C. 2011) (reviewing cases and noting that "[c]ourts in this Circuit have consistently held that there is no private right of action under the Thirteenth Amendment").

*Fourteenth Amendment Claims.* Under the banner of the "Fourteenth Amendment,"[3] Plaintiff asserts equal protection, substantive due process, and procedural due process violations. With respect to the COA, Plaintiff asserts that his "exclusion . . . from the licensing process . . . appears to be an act of a very racial discriminatory gender based practice and pattern." Compl. at 3, ¶ 3. Plaintiff insists that "discovery . . . could easily expose the relentless attack against generic black men that's design[ed] to completely block them from receiving equal treatment on the level of all other groups when attempting to qualify for [a]ttorney work in [W]ashington D.C." *Id.* at 3, ¶ 4. As for the Mayor's Office, Plaintiff alleges that "the refusal to grant plaintiff a hearing," the "refusal to sure-up whatever process in place that would guarantee the delivery of mail on time," the "refusal by the Mayor's Office to provide the results of the requested discovery before a decision was made," and the "blatant compromise of impartiality by the appeal process" violated his due process rights. *Id.* at 3, ¶ 5. None of these allegations is sufficient to make out a constitutional claim.

Like any litigant, "a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Plaintiff's equal protection claim lacks any factual support. He simply makes the conclusory assertion that the COA refused to let him sit for the bar exam, ostensibly due to "what *appears to be* an act of a very racial

---

[3] The Fourteenth Amendment does not apply to the District of Columbia, but the precepts of equal protection and due process are applicable to the District through the Fifth Amendment. *See Bolling v. Sharpe*, 347 U.S. 497, 498–99 (1954).

discriminatory gender based practice and pattern." Compl. at 3, ¶ 3 (emphasis added). Such a conclusory allegation falls far short of asserting a plausible claim. *See Atherton*, 567 F.3d at 687–88 (finding *pro se* plaintiff's equal protection claim based on "spare facts and allegations" inadequately pleaded); *Colbert v. Metro. Police Dep't, Dist. 5*, 404 Fed. App'x 509 (D.C. Cir. 2010) (per curiam) ("The district court properly dismissed appellant's complaint for failure to state a claim upon which relief could be granted because the complaint failed to allege sufficient facts to support a claim of discrimination."); *Hodge v. U.S. Postal Serv.*, 161 Fed. App'x 19, 19–20 (D.C. Cir. 2005) (per curiam) (affirming dismissal of equal protection claim where the complaint failed to "allege facts indicating . . . that the alleged actions were undertaken on a discriminatory basis or were motivated by discriminatory intent or purpose").

Plaintiff's due process claims fare no better. To determine whether the government has violated a procedural due process right, courts ask "whether the plaintiffs were deprived of a protected interest, and, if so, whether they received the process they were due." *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Trustees of Univ. of D.C.*, 56 F.3d 1469, 1471 (D.C. Cir. 1995). Property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* Here, it is unclear what "protected interest" Plaintiff claims the Mayor's Office denied him. If it his "interest" in sitting for the bar, he has not alleged facts establishing his entitlement to that benefit. The COA denied Plaintiff the opportunity to sit for the bar because he failed to pay the

7

required fees and because he failed to produce proof of law school graduation. Notice of Filing II at 37. Plaintiff cannot claim a "protected interest" in sitting for the bar without having satisfied these basic conditions.

What's more, Plaintiff fails to plausibly allege any entitlement to the process he claims to have been denied. Plaintiff complains that the Mayor's Office refused to grant him a hearing, failed to ensure on-time delivery of mail, and refused to provide discovery. Compl. at 3, ¶ 5. But nothing in Plaintiff's Complaint renders it plausible that the Mayor's Office owed him any process to complain about the COA's decision *after* the D.C. Superior Court already rejected his claim. In other words, Plaintiff offers nothing to support the proposition that he was entitled to administrative review of the COA's actions after his efforts at judicial review proved unsuccessful.

Plaintiff also fails to allege a substantive due process violation. "[T]he doctrine of substantive due process constrains only egregious government misconduct." *George Washington Univ. v. District of Columbia*, 318 F.3d 203, 209 (D.C. Cir. 2003). Plaintiff's Complaint contains no facts that would support "egregious government misconduct." Plaintiff's substantive due process claim therefore fails.

*Breach of Contract.* Plaintiff's claim for breach of contract founders for the simple reason that he alleges no facts that would support the existence of an enforceable agreement with either the COA or the Mayor's Office.

*Intentional and Negligent Infliction of Emotional Distress.* Plaintiff avers no facts to establish either an intentional or negligent infliction of emotional distress claim. He does not allege extreme and outrageous conduct to support the intentional tort. *See Newmyer v. Sidwell Friends Sch.*, 128 A.3d 1023, 1037 (D.C. 2015). Nor does he allege facts that would support the

limited circumstances in which negligent infliction is a cognizable claim. *See generally Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 799–800, 810–11 (D.C. 2011).

B.

In addition to failing to state a claim, Defendants' causes of action against the COA are time-barred. The court recognizes that dismissal on limitations grounds is disfavored on a motion to dismiss. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). Dismissal is appropriate "only if the complaint on its face is conclusively time-barred." *Id.* A complaint is "conclusively time-barred" if "a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id.* (internal quotation marks omitted); *see also Momenian v. Davidson*, 878 F.3d 381, 387 (D.C. Cir. 2017).

The limitations period for each of Plaintiff's claims is three years. *See Di Lella v. Univ. of D.C. David A. Clarke Sch. of Law*, 570 F. Supp. 2d 1, 7–8 n.9 (D.D.C. 2008) (noting that "[i]n the District of Columbia, the three-year personal injury statute of limitations applies to non-employment claims of discrimination brought pursuant to the ADA"); *Earle v. District of Columbia*, 707 F.3d 299, 304–05 (D.C. Cir. 2012) (recognizing three-year limitations period for constitutional claims under section 1983); *LoPiccolo v. Am. Univ.*, 840 F. Supp. 2d 71, 79 (D.D.C. 2012) (recognizing three-year statute of limitations for negligent infliction of emotional distress)); *Rendall-Speranza v. Nassim*, 107 F.3d 913, 920 (D.C. Cir. 1997) ("[T]he D.C. Court of Appeals has held that an independent action for intentional infliction of emotional distress is subject to the District's three-year residual limitation period, D.C. Code § 12–301(8)."); *Mizell v. SunTrust Bank*, 26 F. Supp. 3d 80, 87 (D.D.C. 2014) (holding that "[t]he applicable statute of limitations for breach of contract in the District of Columbia is three years" (citing D.C. Code § 12–301(7))).

The denial of Plaintiff's application to take the bar exam a fifth time occurred on November 24, 2010. *See* Notice of Filing II at 37. Yet, Plaintiff waited nearly six years to bring this action—filing it on October 11, 2016. *See* Compl. Nothing in Plaintiff's Complaint supports the timeliness of filing this action against the COA almost three years after the limitations period expired. Further, the court can conceive of no additional facts that Plaintiff could allege consistent with his challenged pleading that would cure the timing deficiency. *See Firestone*, 76 F.3d at 1209. Therefore, Plaintiff's claims against the COA are conclusively time-barred.

C.

Finally, Plaintiff failed to timely give notice of his intentional and negligent infliction claims to the District of Columbia. A plaintiff suing the District of Columbia or any of its agencies for unliquidated damages must provide written notice of the claims to the District within six months of the alleged injury. *See* D.C. Code § 12–309; *Brown v. District of Columbia*, 853 A.2d 733, 736 (D.C. 2004) ("[C]ompliance with [§ 12–309] is mandatory as a prerequisite for filing suit against the District." (alteration in original) (internal quotation marks omitted)). The COA caused Plaintiff's alleged injury in November 2010, and the Mayor's Office did so in May 2016. *See* Notice of Filing I at 5; Notice of Filling II at 37. Plaintiff gave the District no administrative notice of his emotional distress claims within six months of those dates. Those claims are therefore dismissed for this additional reason.[4]

---

[4] The court does not reach the issue of whether the COA is immune from suit. *See* Renewed Motion at 15. Although it is clear that individual committee members enjoy absolute immunity from suit, *see Simons v. Bellinger,* 643 F.2d 774, 786 (D.C. Cir. 1980), it is not certain whether such immunity extends to the COA itself.

IV.

Accordingly, Defendants' Renewed and Narrowed Motion to Dismiss Plaintiff's Complaint is granted.   A separate final order accompanies this Memorandum Opinion.

Dated:   October 29, 2019
                                              Amit P. Mehta
                                              United States District Court Judge